Jones, Chief Judge,
delivered the opinion of the court:
Plaintiff, a major in the Army of the United States, serving on active duty, was relieved of active duty on November 13,1945.
He appeared before an Army Retiring Board on February 21, 1947. The Board found that the cause of incapacity (neoplasm, intracranial, manifested by numbness of the left side of the body and dizzy spells) was not an incident of the service, and that plaintiff was not permanently incapacitated for active service. It recommended hospitalization.
On April 2, 1947, the findings of the Board were disapproved by the Secretary of War.
The plaintiff was recalled by the Army on July 9, 1947. He appeared before an Army Retiring Board at Percy J ones General Hospital in January 1948. The Board found that plaintiff was permanently incapacitated, that such incapacity was not an incident of the service, but that the condition was permanently aggravated by military service.
By order of the Secretary of the Army the proceedings of the Board were returned to Percy J ones General Hospital for reconsideration.
On February 13, 1948, the plaintiff appeared before the reconvened Board, which again made similar findings.
On April 8,1948, plaintiff was relieved of active duty, but this time because of physical disability, but without pay, allowances or retired pay.
Under Section 302 (a) of the Servicemen’s Readjustment Act, 38 U. S. C., Section 693i, plaintiff appealed to the Army Disability Review Board. As a result, the administrative action of the Department of the Army was reversed and plaintiff was held entitled to retired pay.
Plaintiff’s retirement was made effective as of September 29,1948.
*861 The issue is whether plaintiff is entitled to retirement as of the date of the original application on which the erroneous ruling was made.
Plaintiff is not entitled to recover for the period November 13, 1945, to April 8, 1948. The retirement at that time was “not by reason of physical disability,” as is clearly set out in paragraph two of the stipulation of facts.
The plaintiff was recalled by the Army on July 9, 1947, and drew active duty pay and allowances from that date until April 8, 1948, when he was relieved of duty, this time by reason of physical disability, but without pay and allowances.
The numerous examinations and findings in the several examinations that occurred prior to July 9,1947, are confusing. But at no time during that period was his condition finally found to amount to permanent physical incapacity, for active service, nor was it found to be service connected.
On December 12, 1947, the Disposition Board at Percy Jones General Plospital found applicant to be suffering from “cerebral atrophy, secondary to arterial sclerotic process; manifested by headaches, ataxis, muscle weakness and intellectual and emotional deterioration, severe,” aggravated by the service.
The Army Board on Correction of Military Records under date of September 26, 1952, issued a decision containing the following recitals:
20. On 14 January 1948, applicant appeared before an Army Retiring Board at Percy Jones General Hospital, its diagnosis being the same as that of the Disposition Board, but also found that the approximate date of origin or inception of the incapacitating defect was April 1945, the date he became incapacitated was April 1945, that the cause of such incapacity was not an incident of service, that the cause of incapacity had been permanently aggravated by military service, but that the said incapacity was not the result of an incident of service.
21. On 29 January 1948, the Surgeon General’s Office in disapproving the Army Retiring Board findings pointed out that the Disposition Board proceedings from ASF Hospital Center, Camp Carson, Colorado, 3 August 1945, requested six months temporary limited service, but not for any neurological disease.
*862 22. On 13 February 1948, "applicant appeared before another Army Retiring Board which Board affirmed the diagnosis of the previous Board, but found his incapacitation had been permanently aggravated by service and was the result of an incident of service.
23. On 30 March 1948,. the Surgeon General’s Office in disapproving the findings of the reconvened Army Retiring Board, stated that it was its opinion that the head injury received while on active duty in the car accident had no relationship to applicant’s cerebral atrophy and that his condition could be due to an arterial schleretic [sic] process. That applicant’s condition was due to normal progression of the disease and was therefore not incident to service.
24. On 8 June 1948, applicant filed application for review under Section 302 of Public Law 346, tSth Congress.
25. On 29 September 1948, review was granted and the Army Disability Review .Board found applicant permanently incapacitated for active service, that the disability existed prior to service, but had been permanently aggravated by military service.
26. On 2 November 1948, applicant was certified for retirement pay benefits under the provision of the Act of 3 April 1939, effective 29 September 1948.
CONCLUSION
1. That, recognizing the legal validity of the determination by which the applicant was found qualified for and was granted retirement pay benefits under the authority of Section 302 of the Servicemen’s Readjustment Act of 1944; and being of the opinion that such action was the result of the necessarily liberal interpretation and application of a remedial statute and the resultant resolution of all substantial doubts in the applicant’s favor; this Board considering the facts of applicant’s case under the standards established by its regulations finds no error or injustice, and therefore no equitable basis for further extension of the liberality of approach to warrant the conferring of retroactive retirement benefits.
2. That while this Board is not averse to recommending the granting, in a proper case, of retroactive retirement benefits to individuals similarly circumstanced, the facts in this case, and their resolution in favor ox the applicant up to this stage of the preceedings, compel the denial of benefits additional to those to which he is presently entitled and receiving.
*863 THE BOARD RECOMMENDS
That in the case of Dennis C. Nickell, 0523015, his application for correction of military records, dated 7 April 1952, be denied.
In the confused state of the record we are unable to find that the permanent incapacity predated July 9, 1947. Nor is it clear at what date the condition became incident to or aggravated by the service. In view of the uncertainty as to all these matters before July 9,1947, the record does not furnish any satisfactory basis on which to make definite findings as to conditions before that date.
We are unable to find that plaintiff was entitled to retirement pay before April 8,1948.
The issues involved in this case from April 8 to September 29,1948, are identical with those involved in the case of Ramsey v. United States, No. 50325, ante, p. 504. For the reasons therein stated plaintiff is entitled to retired pay from April 8 to September 29,1948, less any amount he may have received as disability compensation during such period.
Plaintiff’s motion is granted covering the time set out in the foregoing paragraph and defendant’s motion is denied.
Entry of judgment is suspended pending the receipt of a report from the General Accounting Office showing the amount due plaintiff in accordance with this opinion.
Howell, Judge; Madden, Judge; Whitakek, Judge; and Littleton, Judge, concur.