The plaintiff was a sergeant in the United States Army, who reenlisted in 1973 for six years. He received a general discharge in September 1975. In December 1977, the Army Discharge Review Board upgraded his discharge to honorable. In July 1978, the plaintiff applied to the Board for Correction of Military Records ("Corrections Board”) to void his discharge, restore him to active duty, give him back pay and allowances, and have standby promotion boards consider him for promotion.
In January 1980, the Corrections Board recommended (1) that the plaintiffs records be corrected to show that his 1973 enlistment was for three years and that he served on active duty through May 1976, (2) that his 1975 separation be null and void, and (3) that he receive back pay and allowances from September 1975 to May 1976. The Board also recommended that the plaintiff be given the opportunity to reenlist for three more years. The Board recommended denial of other relief the plaintiff sought. The Deputy Assistant Secretary of the Army approved the Board’s recommendations.
In June 1981, the plaintiff received $5,890.53 in back pay and allowances as a result of the Board’s decision. In September, the plaintiff filed the present suit. He seeks an order correcting his records to show he served on active duty until the date of judgment and also back pay and allowances from May 1976 to the date of judgment. The government has moved for summary judgment. The plaintiff has not responded. We grant the government’s motion.
The statute providing for agency correction of military records and payment based upon those corrections provides: "A claimant’s acceptance of a settlement under this section fully satisfies the claim concerned.” 10 U.S.C. § 1552(c) (1976). Before the Corrections Board, the plaintiff sought reinstatement and back pay and allowances to the date of the Board’s action. The Board, however, awarded him back pay only to May 1976. When the plaintiff received the $5,890.53 awarded him pursuant to the Board’s action, he signed a Claim Certificate which stated:
*905 I hereby claim the amount shown above as being the correct settlement amount due me for this correction of my military records. I have not received any payment from the United States and I will not accept any other payment from the United States for this correction of my records. My acceptance of this settlement constitutes a complete release by me of any claim against the United States on account of this matter.
Under the statute and the plaintiffs signed statement, the plaintiffs acceptance of the award was a release of all claims he had presented to the Board, and not just of the portion of the claims the Board allowed. The Comptroller General has ruled that acceptance of a partial award prevents a serviceman from seeking further relief. 57 Comp. Gen. 554, 558 (1978). "[T]he provision was intended to foreclose a claimant, after accepting settlement, from disputing the record correction on which it is based.” 45 Comp. Gen. 140, 142 (1965). In order to seek additional relief, the plaintiff would have had to refuse the settlement and wait until his claim in this court was resolved before accepting payment.
In those cases where releases have been held not to bar additional claims, either the plaintiffs had two claims and the release of one claim did not release the other, Hiett v. United States, 131 Ct. Cl. 585, 130 F. Supp. 338 (1955); 34 Comp. Gen. 456, 459 (1955) (first release "was not offered or intended as a settlement of all claims”), or the award was based on a computation error and mutual mistake. 45 Comp. Gen. 140. In this case, in contrast, the plaintiff filed a single claim with the Corrections Board. The Board granted part of it and denied part. The plaintiff is not seeking relief here based on the Board’s favorable action, but is challenging the Board’s action to the extent the correction of his records did not give him the full relief he sought. The plaintiffs release of "any claim against the United States on account of this matter” bars him from doing that. By accepting the relief recommended by the Board, the plaintiff has released his claim for the relief denied by the Board.
The defendant’s motion for summary judgment is granted and the petition is dismissed.
Plaintiffs motion for rehearing was denied September 17, 1982.