**George W. SOHM, Plaintiff,**

v.

**C. Douglas DILLON, Secretary of the Treasury, et al., Defendants.**

**Civ. A. No. 1507.**

United States District Court
District of Columbia.

July 10, 1964.

Lawrence C. Moore, New York City, for plaintiff.

United States Atty's Office, for defendant.

LEONARD P. WALSH, District Judge.

This matter comes before the court on a motion to enjoin the Secretary of the Treasury from retiring the plaintiff from active duty in the United States Coast Guard.

The plaintiff is scheduled for retirement under 14 U.S.C.A. § 285 (1963 Supp.), which provides that when an officer has been twice passed over for promotion to Commander he will be retired

upon the completion of twenty years service. The plaintiff was passed over on March 30, 1959, on May 25, 1959, and on March 31, 1960.

The plaintiff would have been retired on June 30, 1964, but for a temporary restraining order issued on June 26, 1964, by Judge Curran of this court.

The facts before this Court indicate that the plaintiff received a fitness report in 1956. Plaintiff complains that as a result of this fitness report, which he was not given the opportunity to comment on, he was passed over for promotion.

The personnel instructions of the Coast Guard require that an adverse fitness report be shown to the officer reported on and that he be granted the opportunity to comment on the report. A portion of Personnel Instruction No. 34–55 of 19 September 1955, then in effect, is quoted below:

"7a. Any adverse entry or remark in the report must be referred to the officer concerned for his comment. Moreover, adverse entries in any section of the report will be discussed in Section 17. The Commandant will return reports which are not in compliance with this paragraph for referral to the officer reported on. Borderline or doubtful cases shall be referred to the officer reported on."

The 1956 fitness report is appended to the complaint. The form for this report contains several columns for rating the officer with the appropriate column to be checked by the reporting officer. None of the items were checked in the last or adverse column. In all items other than those marked "Not observed", LCDR Sohm was rated "satisfactory", which is the next to the lowest mark.

However, in item 17, which is for comments, a detailed and, in the opinion of this Court, extremely damaging entry was made in reference to plaintiff's personality traits and his need for psychiatric treatment. The Comments further state that LCDR Sohm had been relieved from further duty in his assigned section, and concluded by stating that "He worked (on a project requiring no administrative ability or exercise of discretion) independently and without assistants (sic). This is the type of duty which he performs well; however, his inability to work harmoniously with others and to accept direction do not make him a well-rounded Coast Guard Officer."

This fitness report, while technically not "adverse", could hardly be considered favorable. In fact, it would appear that it falls into the category of fitness reports which must, by virtue of the Instruction quoted above, be submitted to the officer for comment. The instruction states "any adverse entry or remark * * *", and concludes by requiring that doubtful cases be submitted. There appears to be room for little doubt that this report should have been returned to LCDR Sohm for comment.

The plaintiff also urges that the fitness report of 1960 is false and adverse and caused him to be passed over. In the 1960 report, several of the items were marked "adverse" and LCDR Sohm was given the opportunity to comment, and, in fact did submit a 12 page rebuttal on August 1, 1960.

█ This Court is of the opinion that the Coast Guard did not observe its own instruction in regard to the 1956 fitness report. This fact, however, does not mean that the retirement of LCDR Sohm in 1964 is improper. Three selection boards have considered the fitness of this officer, and denied his promotion based on information contained in twenty or more fitness reports, beginning in 1949. The fact that the officer was not given the opportunity to comment on one of these reports would not appear to be of any great consequence.

█ This Court is not permitted to sit in judgment on this officer's fitness for promotion or on the propriety of the action of the promotion board. As stated

in Payson v. Franke, 108 U.S.App.D.C. 368, 282 F.2d 851, 854 (1960):

> "It is not our function to reassess the appellant's performance record which the selection board deemed unsatisfactory. * * * Suffice it to say that we are in no position to assess and appraise that record by itself even were we free to do so."

The plaintiff urges the recent case of Roberts v. Vance, —— F.2d —— (D.C. Cir. 1964), in support of his motion. In that case, however, a reserve officer was released after 18 years and 9 months of service and certain safeguards provided by law were not followed. Congress had made special provision for the "18 year veterans" and afforded them special protection before they can be released since they are not eligible for retirement benefits. In Roberts, these procedures were not followed and the court found the Secretary's action invalid.

This is not the same situation. LCDR Sohm has 21 years of active duty, he is eligible for retirement benefits, albeit only half pay, and the procedure which was not followed is a personnel instruction, which, although it should have been observed, is not determinative of this officer's fitness for promotion, in view of the other prior and subsequent reports available to the three selection boards.

Finally, as Judge Holtzoff so poignantly observed in Beard v. Stahr, 200 F. Supp. 766, 773 (D.C.1961),

> "Armies cannot be maintained and commanded, and wars cannot be won by the judicial process. Supervision and control over the selection, appointment and dismissal of officers are not judicial functions. * * *"

Therefore, in accordance with the foregoing, it is this 10th day of July, 1964,

Ordered, that plaintiff's motion for a preliminary injunction be, and the same hereby is, denied;

It is further ordered, that the Temporary Restraining Order, entered on June 26, 1964, and extended by this Court on July 6, 1964, for ten days, shall remain in effect through July 16, 1964.