**450**

George W. SOHM, Plaintiff,

v.

C. Douglas DILLON, Secretary of the Treasury, et al., Defendants.

Civ. A. No. 1507-64.

United States District Court

District of Columbia.

Nov. 12, 1964.

See also D.C., 231 F.Supp. 973.

Lawrence C. Moore, Washington, D. C., for plaintiff.

Robert B. Norris, Asst. U. S. Atty., for defendants.

LEONARD P. WALSH, District Judge.

This matter came before the Court on October 14, 1964, for hearing on the motion of defendants to dismiss the complaint or in the alternative for summary judgment.

The material facts are not in issue, and can be stated as follows:

Plaintiff is a Lieutenant Commander in the United States Coast Guard, having been promoted to that rank in 1952. He was originally commissioned as an Ensign on June 9, 1943, and, as of June 8, 1964, had acquired twenty-one years of active service in the Coast Guard.

On March 10, 1959, and again on May 25, 1959, the plaintiff was notified that he had failed of promotion to the rank of Commander on the recommendation of two successive Selection Boards. On June 12, 1961, the plaintiff was notified that he had failed of promotion for the third time and that as a result thereof, in accordance with Article 5–A–3(g), Coast Guard Personnel Manual, he had been placed permanently out of line of promotion to the rank of Commander. The judgment of the three Selection Boards was predicated upon a review of more than twenty fitness reports of the plaintiff.

On June 11, 1962, the plaintiff was notified that, in accordance with the provisions of 14 U.S.C.A. § 235, he had been considered for retirement by a Coast Guard Personnel Board, and the Board had recommended he be retired from active duty.

By letter dated December 26, 1963, the plaintiff was informed that, pursuant to the provisions of 14 U.S.C.A. § 285 (Supp.1964), he would be retired from the Coast Guard on June 30, 1964. The plaintiff was then ordered into retirement, effective June 30, 1964, by an order dated June 3, 1964. As a result of retirement, plaintiff will receive half pay.

The statute under which plaintiff's order of retirement was to be accomplished, 14 U.S.C.A. § 285 (Supp.1964), provides:

"\* \* \* Each officer of the Regular Coast Guard serving in the grade of lieutenant commander or commander, who has failed of selection for promotion to the grade of commander or captain, respectively, for the second time shall:

"(1) if eligible for retirement under any law on June 30 of the fiscal year in which his second failure of selection occurs, be retired on that date; or

"(2) if ineligible for retirement \* \* \* be retained on active duty and retired on the last day of the month in which he completes twenty years of active service, unless earlier removed under another provision of law."

Plaintiff, on June 25, 1964, instituted this action seeking to have his retirement declared a nullity and also seeking an "order directing that the defendants restore plaintiff to the line of promotion \* \* \* including promotion to the rank of Commander."[1]

On June 26, 1964, the Court (Judge Curran) issued a temporary restraining order cancelling the retirement order of June 3, 1964. The undersigned on July 10, 1964, denied plaintiff's motion for a preliminary injunction.

Plaintiff grounds his complaint on alleged violations of Coast Guard regulations in the preparation and filing of two of the many fitness reports considered by the three Selection Boards. He alleges that these reports, prepared in 1956 and 1960, were "adverse" and were not shown to him as required by the provisions of 7.a. of the United States Coast Guard Personnel Instruction No. 34–55, September 19, 1955, which provides:

"Any adverse entry or remark in the report must be referred to the officer concerned for his comment. Moreover, adverse entries in any section of the report should be discussed in Section 17. The Commandant will return reports which are not in compliance with this paragraph for referral to the officer reported on. Borderline or doubtful cases shall be referred to the officer reported on."

The 1960 report was admitted by the defendant to be "adverse". However, as shown in the administrative record, it was shown to the plaintiff under a letter dated April 11, 1960, and he submitted a twelve-page rebuttal on August 1, 1960.

The 1956 report was not shown to the plaintiff, but it was the judgment of the reporting officer and other officials that this report was not "adverse". As shown on line 16(b) of that report, plaintiff was found to be "an acceptable officer," and none of the columns marked "adverse" has been checked. Plaintiff contends, however, that the unfavorable comments contained in Section 17 of the 1956 report

---

1. Plaintiff is presently pursuing an administrative remedy before the Board for Correction of Military Records and there raises essentially the same issues contained in this complaint. No decision of that Board has yet been made. Further proceedings before that Board await plaintiff's designation of a date for reopening the hearing. Under Ogden v. Zuckert, 111 U.S.App.D.C. 398, 298 F. 2d 312 (1961), this procedure is not violative of the requirement of exhaustion of administrative remedies.

**452**

rendered that report "adverse" so as to have required the reporting officer to have shown it to him after its preparation and prior to its filing.

Defendants have submitted an affidavit of Rear Admiral Knudsen as to the practice of what constitutes an "adverse" report. This affidavit is set out in part below:

"By long standing practice, the determination as to what constituted an adverse fitness report was governed by the reporting officer's entries in Sections 14, 15, 16, and 19 of the fitness report form * * * Section 17, COMMENTS, was considered to be merely a means for providing the reporting officer with an opportunity to explain the marks given in Sections 14, 15, and 16, and, unless the comments were totally at variance with such marks, they were not treated as a sufficient basis for considering the fitness report to be adverse. This practice was in accordance with the instructions for filling in Section 17 as given on the form itself * * *".

■■ For the Court to say that the 1956 report was "adverse" under Coast Guard regulations and that it, therefore, should have been shown to the plaintiff, would be a substitution of the Court's judgment for that of the Coast Guard as to the proper interpretation and long standing application of the regulations. The test for judicial review of an interpretation of an administrative regulation is if the interpretation is within the competence of the agency making it and is a reasonable one, it will not be disturbed by the Court. Baxter v. Macy, 117 U.S.App.D.C. 72, 325 F.2d 645 (1963). The Court is aware that in denying plaintiff's motion for preliminary injunction on July 10, 1964, it concluded that the 1956 report should have been submitted to the plaintiff for his comments. However, after consider-

ation of the expanded record and of the arguments in the recent hearing, the Court is of the opinion that the determination that the 1956 report was not "adverse" under Coast Guard regulation was within the competence of the officials involved and was not, under long standing practice, an unreasonable interpretation of the regulation.

Moreover, even though this allegedly "adverse" report was not shown to the plaintiff for rebuttal, three Selection Boards have considered the fitness of this officer, based on information contained in twenty or more fitness reports, the majority of which both prior to and subsequent to the 1956 report, have unfavorable comments in them. These three boards all denied plaintiff's promotion.

■ As this Court has already held in the instant case, it "is not permitted to sit in judgment on this officer's fitness for promotion or on the propriety of the action of the promotion board." Sohm v. Dillon, 231 F.Supp. 973, 974 (D.C.D.C. 1964).[2]

As stated in Payson v. Franke, 108 U.S.App.D.C. 368, 282 F.2d 851, 854 (1960):

"It is not our function to reassess the appellant's performance record which the selection board deemed unsatisfactory. * * * Suffice it to say that we are in no position to assess and appraise that record by itself even were we free to do so."

Finally, the Supreme Court has stated in Orloff v. Willoughby, 345 U.S. 83, 93–94, 73 S.Ct. 534, 540, 97 L.Ed. 842 (1953):

" * * * judges are not given the task of running the Army. * * * Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters."

■ Since the determination of the Selection Boards that plaintiff not be pro-

**2.** On July 17, 1964, the plaintiff's motion for injunction and stay pending appeal was denied by our Court of Appeals, (No. 18,771), and on July 31, 1964, Mr. Justice Stewart denied the plaintiff's application to the Supreme Court for a stay.

moted will not be disturbed by this Court, the order retiring plaintiff from active service was clearly authorized under 14 U.S.C.A. § 285 (Supp.1964) as set out above, and will likewise not be disturbed.

There being no issue of material fact, and in accordance with the foregoing, defendants are entitled to judgment as matter of law.