**George W. SOHM, Appellant,**

v.

**Henry H. FOWLER, Secretary of the Treasury, et al., Appellees.**

**Nos. 18771, 19014.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 9, 1966.

Decided June 16, 1966.

---

Mr. John J. Moss, Boston, Mass., of the bar of the Supreme Judicial Court of Massachusetts, pro hac vice, by special leave of court, and Mr. O. John Rogge, Washington, D. C., with whom Mr. Lawrence C. Moore, Washington, D. C., was on the brief, for appellant.

Mr. Robert B. Norris, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellees. Messrs. Daniel J. McTague and John A. Terry, Asst. U. S. Attys., also entered appearances for appellees.

Before BAZELON, Chief Judge, and DANAHER and WRIGHT, Circuit Judges.

BAZELON, Chief Judge:

Appellant was a lieutenant commander in the United States Coast Guard when he was ordered into retirement. In this suit he challenges the order on a variety of constitutional, statutory and procedural grounds.

Beginning in 1959, appellant was passed over for promotion by three separate Coast Guard selection boards, and by action of the last board he was placed permanently out of line of promotion. The Coast Guard then sought to retire him from active duty under the procedures set forth in 63 Stat. 515 (1949) [then codified as 14 U.S.C. § 235]. Before this action was completed, Congress repealed the authorizing statute and replaced it with a provision allowing the Coast Guard to retire without hearing any lieutenant commander "who has failed of selection for promotion * * * for the second time * * *." 14 U.S.C. § 285 (Supp.V, 1964). On December 26, 1963, appellant was notified that he would be retired under this section as of June 30, 1964.

Appellant then filed a complaint in District Court seeking to enjoin and declare unlawful his forthcoming retirement; he also sought an order in the nature of mandamus to compel his promotion to commander. The District Court denied the motion for a preliminary injunction and granted summary judgment in favor of appellee. Sohm v. Dillon, 231 F.Supp. 973 (D.D.C.1964); 235 F.Supp.

450 (D.D.C.1964). This is a consolidated appeal from these judgments.

There is, however, another strand to the history of this case. On October 18, 1961, appellant filed a petition with the Board for Correction of Military Records to have his record corrected and to be placed back in the line of promotion. In February 1964, before the Board rendered a final decision, appellant "heard that its recommended decision was adverse." He then requested and was granted a reopening of the record and later a *de novo* hearing before a reconstituted Board. Apparently at this point appellant abandoned his remedy before the Board since, so far as the record shows, he has yet to notify them of a hearing date convenient to himself and counsel.

The court first applied the rule for exhaustion of administrative remedies to the Board for Correction of Military Records in Ogden v. Zuckert, 111 U.S.App. D.C. 398, 298 F.2d 312 (1961). There an officer who was protesting the terms of his separation from the Air Force had not sought relief from the Board. After investigating the nature and function of the Board, we stated:

 * * * jurisdiction of the [trial] court was not precluded by the omission of plaintiff to seek relief through the Board; but we also conclude that on remand the court may, in its discretion, refrain from exercising jurisdiction to decide the case pending plaintiff's pursuit of relief at the hands of * * * the Board * * *. Id. at 403, 298 F.2d at 317.

Here the District Court relied on *Ogden* and exercised its discretion by holding that appellant need not exhaust his pending remedy before the Board. We think the court based its exercise of discretion on too broad a view of *Ogden*. This appears from the following.

1. Unlike the plaintiff in *Ogden* appellant has affirmatively and successfully invoked the jurisdiction of the Board. There can thus be no fear that the Board will exercise its discretionary jurisdiction by refusing to hear the case. Moreover, it appears that the Board, under its duty to correct errors and remove injustice, has sufficient authority to accord appellant relief.[1] Not requiring appellant to exhaust this available remedy raises problems of forum shopping and unnecessary waste of judicial energies and resources. There is danger that appellant's unexplained abandonment of the Board was motivated by his fear of an adverse decision and his desire to find a forum more sympathetic to his claims. More important, we are now placed in the position of rendering what may become, in effect, an advisory opinion. If, for example, we adopt a substantial evidence rule and uphold the Coast Guard's action, appellant would presumably be free to return to the Board, which might review the merits of his case in a more pervasive fashion and grant him the relief he seeks. Nor is appellant prevented from returning to the Board during the pendency of this litigation. In such case, the Board's decision might drastically alter the issues in the case or render unnecessary any further court review.[2]

2. Holding this suit in abeyance until the Board completes its action would comply with the basic policy of the

---

1. See, *e. g.*, Caddington v. United States, 147 Ct.Cl. 629, 178 F.Supp. 604 (1959); Egan v. United States, 141 Ct.Cl. 1, 158 F.Supp. 377 (1958); 41 Ops. Atty. Gen. 94, 97 (1952); Redd, The Board for Correction of Naval Records, 19 JAG J. 9, 11–12 (1964); Williams, The Army Board for Correction of Military Records, 6 Mil.L.Rev. 41, 46–54 (1959).

2. See, *e. g.*, Aircraft & Diesel Equip. Corp. v. Hirsch, 331 U.S. 752, 767, 772–773, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947); Hardy

v. Rossell, 135 F.Supp. 260, 265 (S.D.N. Y.1955). That the Board has exercised its discretion and accepted jurisdiction, that it is not the same body which rendered the initial administrative decision, and that resort to the Board was not shown to be futile, distinguish this case from those like Levers v. Anderson, 326 U.S. 219, 66 S.Ct. 72, 90 L.Ed. 26 (1945); United States v. Abilene & S. Ry., 265 U.S. 274, 280–282, 44 S.Ct. 565, 68 L.Ed. 1016 (1924); and Prendergast v. New

law that administrative remedies should be exhausted so long as the agency clearly has jurisdiction over the case and so long as resort to the agency is not obviously futile.[3] This policy, although subject to the exercise of discretion, has been applied by numerous courts in the context of Boards for Correction of Military Records, and it has evolved to the point where it can be formulated as a rule that the administrative remedy should be exhausted unless the party invoking the court's jurisdiction can demonstrate special circumstances.[4] No such circumstances were alleged in this case.

■ 3. Appellant in this suit has challenged the constitutionality of the process by which he was placed out of the line of promotion and retired. He argues that he was deprived of a substantial property right—retention of his rank and promotion—without notice of allegations of his unfitness; a full evidentiary hearing on these charges including rights of representation, confrontation, and cross examination; the right to challenge inadmissible evidence; and an impartial tribunal. These flaws he contends deprived him of due process of law. Since this case would presumably terminate if appellant prevailed before the Board,[5] requiring exhaustion of administrative remedies would vindicate the fundamental doctrine that courts should avoid passing on unnecessary constitutional questions.[6] This doctrine seems particularly applicable here bcause of the far reaching and difficult nature of the constitutional claims.[7] Moreover, it is possible that the full evidentiary hearing which the Board apparently is prepared to accord appellant will itself cure any constitutional defects in the procedures leading to his retirement.[8]

4. The fact that appellant's contentions in this case raise complicated and somewhat technical issues of fact also militates toward completion of the administrative process. Appellant, for example, argues that at least two of the fitness reports on which the Coast Guard based its action violated various administrative regulations; he claims that an *"ex parte"* psychiatric report was secretly and improperly sent to all of his duty stations; and he alleges that he was the victim both of mistaken identity and of a conspiracy or vendetta to discredit him because of his criticism of the administration of certain Coast Guard programs. Whether these allegations are true, and if so, whether they tainted or rendered invalid the action of the promotion boards are factual questions most appropriate for the specialized knowledge and experience of an administrative agency.

York Tele. Co., 262 U.S. 43, 48–50, 43 S.Ct. 466, 67 L.Ed. 853 (1923).

3. See, *e. g.*, Allen v. Grand Central Aircraft Co., 347 U.S. 535, 539–541, 74 S.Ct. 745, 98 L.Ed. 933 (1954); Aircraft & Diesel Equip. Co. v. Hirsch,.supra note 2; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–52, 58 S.Ct. 459, 82 L. Ed. 638 (1938); 3 DAVIS ADMINISTRATIVE LAW §§ 20.01–.03, 20.07 (1958) [hereafter cited as DAVIS]; Jaffe, The Exhaustion of Administrative Remedies, 12 BUFFALO L.REV. 327 (1963).

4. See, *e. g.*, Schwartz v. Covington, 341 F. 2d 537 (9th Cir. 1965); Reed v. Franke, 297 F.2d 17, 26–27 (4th Cir. 1961); Marshall v. Wyman, 132 F.Supp. 169, 176 (N.D.Calif.1955); Hiett v. United States, 131 Ct.Cl. 585, 130 F.Supp. 338 (1958). *Cf.* Beard v. Stahr, 370 U.S. 41, 82 S.Ct. 1105, 8 L.Ed.2d 321 (1962).

5. Even if appellant were not granted all the relief he initially sought, it is still possible that he would be satisfied with partial success before the Board—e. g., reinstatement to active duty without promotion.

6. See, *e. g.*, Public Util. Comm'n of State of California v. United States, 355 U.S. 534, 539–540, 548–553, 78 S.Ct. 446, 2 L.Ed.2d 470 (1958) (majority and dissenting opinions); Aircraft & Diesel Equip. Corp. v. Hirsch, *supra* note 2, 331 U.S. at 772–773, 67 S.Ct. 1493; Reed v. Franke, *supra* note 4, 297 F.2d at 27; 3 DAVIS § 20.04. *Cf.* Hardy v. Rossell, *supra* note 2, 135 F.Supp. at 265–266.

7. *Cf.* Beard v. Stahr, *supra* note 4.

8. See Reed v. Franke, *supra* note 4, 297 F.2d at 27.

In addition, resolution of these issues turns, in large part, on the interpretation and application of Coast Guard regulations and practice. Not only is the Board better equipped to decide these questions, but also considerations of securing uniformity in interpretation suggest that we first allow the Coast Guard an opportunity to construe their own regulations. Finally, agency consideration of appellant's claims may help to narrow the issues and clarify the remaining questions, thereby assisting the court in its review of the case.[9] For example, it may be that the Board's decision would remove all factual problems from the case and reduce the controverted issue to one of law—e. g., whether appellant was denied his constitutional rights or whether the Coast Guard's action was authorized by 14 U.S.C. § 285.[10]

■ In light of the foregoing [11] we reverse and remand the case to the District Court with directions to stay the case pending hearing and decision by the Board for Correction of Military Records.

So ordered.

DANAHER, Circuit Judge (dissenting).

This appellant by 1959 had twice failed of promotion to the rank of comman-

der. Two successive Selection Boards had passed upon his record. On June 12, 1961, he was notified that for the third time he had failed of promotion. Thus, no less than fifteen different officers acting under oath in the performance of their duty, had considered the possibility of the appellant's entitlement to promotion. All of them in performance of that duty had ruled against him.

The appellant brought suit in the District Court seeking to enjoin the Secretary of the Treasury from retiring the appellant from active duty. Relief was denied. Sohm v. Dillon, 231 F.Supp. 973 (D.D.C.1964). He asked the District Court to order his retirement declared a nullity and that an order be issued directing his restoration to line of promotion. He asked for summary judgment, obviously thus representing that there was no genuine issue of material fact. The Government sought summary judgment which was granted. Sohm v. Dillon, 235 F.Supp. 450 (D.D.C. 1964). The appellant had failed to set forth specific facts in refutation of the Government's statement which had been filed under District Court Rule 9(h).

From 1961 down to October 1964, the Board for Correction of Military Records had repeatedly advised the appellant that

9. See, e. g., Allen v. Grand Central Aircraft Co., 347 U.S. 535, 540, 74 S.Ct. 745, 98 L.Ed. 933 (1954) ; Aircraft & Diesel Equip. Corp. v. Hirsch, *supra* note 2, 331 U.S. at 767–768, 67 S.Ct. 1493; Hardy v. Rossell, *supra* note 2, 135 F. Supp. at 265; 3 Davis § 20.03; Jaffe, *supra* note 3, at 327–329, 335–339, 340–341.

10. These rationales of expertise, uniformity and ripeness also underlie the doctrine of primary jurisdiction. See, e. g., Federal Maritime Board v. Isbrandtsen Co., 356 U.S. 481, 78 S.Ct. 851, 2 L.Ed.2d 926 (1958) ; United States v. Western Pac. R.R., 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed. 2d 126 (1956) ; Far East Conference v. United States, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576 (1952) ; Great Northern Ry. v. Merchants' Elevator Co., 259 U.S. 285, 42 S.Ct. 477, 66 L.Ed. 943 (1922) ; Texas & Pac. Ry. v. American Tie & Tim-

ber Co., 234 U.S. 138, 34 S.Ct. 885, 58 L. Ed. 1255 (1914). Thus if the case were analyzed under this rubric rather than that of exhaustion [see, e. g., United States v. Western Pac. R.R., *supra* at 352 U.S. 63–64, 77 S.Ct. 161; 3 Davis § 19.01 and n. 6; Jaffe, Primary Jurisdiction Reconsidered, 102 U.Pa.L.Rev. 577, 579 (1954)], the proper disposition would still be for the court to stay its hand pending resort to the administrative process.

11. Since no irreparable injury was or could be asserted in the circumstances of this case [see, e. g., Meyers v. Bethlehem Shipbuilding Corp., *supra* note 3, at 303 U.S. 50–52, 58 S.Ct. 459; 3 Davis §§ 20.02–.03 ; Jaffe, *supra* note 3, at 331–334. Compare Beard v. Stahr, *supra* note 4, 370 U.S. at 44–45, 82 S.Ct. 1105 (dissenting opinion)], this precondition for requiring exhaustion of the administrative remedy was met.

the Board was ready to hear him. He did not appear.[1]

I suggest that the selection and promotion of officers can not be and should not become judicial functions. When the District Court granted summary judgment for the Government, it was clearly following our established rule.[2]

My review of this record satisfies me that the District Court correctly interpreted our decisional law, and moreover, the action taken was strictly in accord with the provisions of FED.R.CIV.P. 56 (e). In my view the judgment of the District Court should, without more, be affirmed.

See also, 112 U.S.App.D.C. 359, 303 F.2d 219, and D.C.Cir., 353 F.2d 858.

---

1. Incidentally, in an affidavit attached to his complaint he represented that he already had exhausted his administrative remedies.

2. Payson v. Franke, 108 U.S.App.D.C. 368, 371, 282 F.2d 851, 854 (1960), cert. denied *sub nom.* Robinson v. Franke, 365 U.S. 815, 81 S.Ct. 696, 5 L.Ed.2d 694 (1961).

Said in another connection, but no less apt, the Supreme Court noted: "Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters." Orloff v. Willoughby, 345 U.S. 83, 94, 73 S.Ct. 534, 540, 97 L. Ed. 842 (1953).