**In the Matter of the Application of Lawrence John MINASIAN for a Writ of Habeas Corpus.**

v.

**Capt. Paul R. ENGLE, Respondent.**

**No. 67–486.**

United States District Court
C. D. California.
May 12, 1967.

Richard W. Petherbridge, Santa Ana, Cal., for petitioner.

Wm. Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., and James D. Murray, Asst. U. S. Atty., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS.

CRARY, District Judge.

Petitioner seeks a Writ of Habeas Corpus on the grounds he is unlawfully detained and restrained of his liberty by respondent, his Company Commander, Captain Paul R. Engle, M.C., U.S.N. Hearing was had on the Order to Show Cause on April 27, 1967. Evidence both oral and documentary was received and the matter submitted, after filing of points and authorities on May 5, 1967, for decision.

The record shows that on February 23, 1966, petitioner reported for active duty, pursuant to order of the Navy Department dated January 7, 1966, and was assigned the duties of a Hospital Corpsman (L–8), noncombatant duty, by reason of his having been determined to be a conscientious objector (I–A–O). He has, since that date, been on active duty with the United States Navy.

Petitioner, by voluntary enlistment, has been a member of the Naval Reserve since June 7, 1961. Prior to reporting for active duty on February 23, 1966, and on September 18, 1965, petitioner submitted a request for discharge (respondent's Ex. A, pages 21–32) pursuant to the provisions of Department of Defense Directive (DOD) 1300.6 and Bureau of Naval Personnel Manual, Article C–5210. He stated in his request for discharge that it was "not until the

present time" that he knew his conscience would not permit him to serve in "the context of the Armed Forces."

On January 7, 1966, the Chief of Naval Personnel notified petitioner's Commanding Officer that although petitioner's request for discharge had been denied, petitioner would be designated a conscientious objector and assigned Limited Duty Designator (L-8).

Petitioner, on February 2, 1966, mailed to the Chief of Naval Personnel a letter (respondent's Ex. A, pages 7-11) whereby he sought reconsideration of his request of September 18, 1965, and again urged that he be discharged from the Service. With the February 2nd letter, he submitted four letters of third parties in support of his position. In his February 2nd letter, petitioner acknowledged notice of disapprovel of his September 18, 1965, request for discharge and expressed his inability " * * * to accept your decision * * *." He said he sent the first letter through administrative channels but was now " * * writing you direct to request a discharge on grounds of conscientious objection * * *." In the next to the last paragraph on the first page of the February 2nd letter, petitioner states: "I hope this additional material will be sufficient to warrant your *careful reconsideration* and subsequent reversal of said orders." (Emphasis added.) In the second paragraph of the portion of the letter numbered 7, page 5, petitioner states: "I implore you to reconsider my case and grant me a discharge * * *."

By letter dated January 24, 1967, (Resp.'s Ex. A, page 47) petitioner sent another request to the Chief of Naval Personnel, through his Commanding Officer, saying he had stated " * * * the basis and evolution of my beliefs in great detail in my previous requests referenced in this letter * * * on file in your office." With the January 24th letter, he enclosed two letters from Navy Chaplains.

The request for discharge, dated September 18, 1965, was in the form, and contained all of the detailed information, as required by the regulations referred to above, Article C-5210(2). The letters of February 2, 1966, and January 24, 1967, did not contain this detailed information but referred to the first letter.

In accordance with the provisions of Article C-5210(2) (d), the Chief of Naval Personnel, on receipt of the September 18, 1965, request, referred the case to the Selective Service for advisory opinion. The Selective Service reported that on the basis of the information submitted by petitioner that if he were being considered for induction he would be classified I-A-O. The assignment of petitioner as Hospital Corpsman (noncombatant duty) as a conscientious objector followed the opinion of Navy Chaplain Ostrander with respect to how petitioner should be classified (Resp.'s Ex. A, page 34).

Respondent urges (a) that petitioner has not exhausted his administrative remedies since he has not applied to the Naval Board for Correction of Military Records (10 U.S.C. § 1552), (b) petitioner has no right cognizable in this court to classification as a conscientious objector (I-O), and (c) petitioner has failed to show the decisions of the officers or officials who denied his application for discharge were invalid or illegal.

By way of background, it is to be noted that petitioner voluntarily enlisted in the Naval Reserve of the United States on June 7, 1961 (Resp.'s Ex. A, pgs. 1, 3). In January, 1964, he agreed to extend his enlistment for a period of four years in consideration of being deferred for active duty for three years, upon certain conditions (Resp.'s Ex. A, page 2). From date of enlistment in June, 1961, through January, 1966, he participated in reserve activities. On June 2, 1965, petitioner knew his active duty orders would be received about September, 1965. In July, 1965, he applied for officer's candidate school (Resp.'s Ex. A, pgs. 33 and 34), this only two months before his request for discharge dated September 18, 1965. In September, 1965, and prior

to September 18, 1965, *petitioner said he wanted to perform his active duty as a noncombatant* (Resp.'s Ex. A, pgs. 21 and 33).

Department of Defense Directive 1300.6, also Article C–5210, supra, paragraph (1), provides, among other things:

"No vested right exists for any individual to be discharged from military service at his own request before the expiration of his term of service, whether he is serving voluntarily or involuntarily. Administrative discharge prior to the completion of his term of service is discretionary with the Secretary of the Navy, based on judgment of the facts and circumstances in the case. * * * Requests for assignment to noncombatant duties or discharge from the naval service on the grounds of conscientious objection will be handled on an individual basis, with final determination made by the Chief of Naval Personnel in accordance with the facts and circumstances in the particular case and the criteria set forth herein. * * * An advisory opinion by the Selective Service that a classification of I–O is appropriate normally will be a requisite for discharge based on conscientious objection for members with less than two years active service."

32 C.F.R. § 1622.11 concerns criteria for class I–A–O, and 32 C.F.R. § 1622.14 relates to class I–O.

Petitioner cites Ogden v. Zuckert, 111 U.S.App.D.C. 398, 298 F.2d 312 (1961), as authority for his position that judicial jurisdiction is not precluded by failure to seek correction of his record by the Naval Board for Correction of Military Records. This case supports petitioner's contention.

In his memorandum of points and authorities, filed April 26, 1967, (line 10, pg. 3) counsel for petitioner states that he, counsel, on March 9, 1967, sent a letter to the Secretary of the Navy asking that petitioner's request for discharge be reviewed. Whether this will

result in ultimate action by the Board for Correction is not clear. However, assuming the procedure provided for in Title 10, U.S.C. §. 1552, and 32 C.F.R. § 723.1–723.11, has been initiated and petitioner has not yet exhausted his administrative remedies under the rule announced in Sohm v. Fowler, 124 U.S. App.D.C. 382, 365 F.2d 915 (1966), in the instant matter we are not concerned with the stay of administrative proceedings by the Navy until exhaustion or completion of all administrative remedies. The matter of the enjoining of administrative procedures was involved in Schwartz v. Covington, 341 F.2d 537 (9 C.A.1955), where the plaintiff sought to enjoin the execution of an undesirable discharge. Similarly, in Sohm v. Fowler, supra, plaintiff sought to enjoin the execution of an alleged unlawful retirement. In both those cases, the matter involved was pending before the Board for Correction and proceedings were stayed only by reason of the particular circumstances there involved. In the recent case of Nelson v. Miller, 373 F.2d 474 (3 C.A.1967), the denial of preliminary injunction by the District Court was affirmed on appeal. The issue involved was the discharge of the plaintiff and the court found he would not suffer irreparable harm because of the availability of post-discharge administrative review (page 478).

If the petitioner in the instant case has not exhausted all administrative remedies on the theory he has instituted proceedings which should be passed on by the Board for Correction, such fact would constitute an additional reason, to those stated herein, for denial of the petition for Writ of Habeas Corpus.

It is urged by the petitioner that *there is no basis in fact* for the denial of petitioner's request for discharge, relying on Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 90 L.Ed. 567, where the court found that there was no basis in fact for classifying the plaintiff therein I–A rather than IV–D (Minister of Religion). To like effect, see

Gatchell v. United States, 378 F.2d 287, decided April 18, 1967, by the Court of Appeals, 9th Circuit.

The court, in Estep v. United States, supra, states at pages 122–123 of its opinion, at page 427 of 66 S.Ct.:

"The provision making the decisions of the local boards 'final' means to us that Congress chose not to give administrative action under this Act the customary scope of judicial review which obtains under other statutes. It means that the courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant. See Goff v. United States, 4 Cir., 135 F.2d 610, 612."

A situation comparable to that in the case at bar arose in Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1954). There the plaintiff, who claimed to be a conscientious objector, was not a member of the enlisted reserve but was a member of Jehovah's Witnesses. The Appeal Board, pursuant to the Act in effect at that time, had forwarded the case to the Department of Justice. At page 380 of the opinion, at page 395 of 75 S.Ct., the court says:

"At the Department hearing, Witmer asserted that he could not engage in noncombatant service since he felt that 'the boy who makes the snow balls is just as responsible as the boy who throws them.' "

The hearing officer there suggested a conscientious objector classification. By reason of certain inconsistent statements in his record the Appeal Board retained Witmer in class I–A. At page 380 of its opinion, at page 395 of 75 S.Ct., the court states:

"It is well to remember that it is not for the courts to sit as super draft boards, substituting their judgments on the weight of the evidence for those of the designated agencies. Nor should they look for substantial evidence to support such determinations. Dickinson v. United States, 1953, 346 U.S. 389, 396, 74 S.Ct. 152, 157, 98 L.Ed. 132. The classification can be overturned only if it has 'no basis in fact.' Estep v. United States, 1946, 327 U.S. 114, 122, 66 S.Ct. 423, 427, 90 L.Ed. 567. In Dickinson v. United States, 1953, 346 U.S. 389, 74 S.Ct. 152, 155, 98 L.Ed. 132, the most recent case in which this Court has applied this standard to the facts of a particular case, we set aside the conviction, holding that the local Board had wrongfully denied the registrant a ministerial classification. The objective facts on which Dickinson based his claim as a full-time minister were undisputed, and they placed him squarely within the terms of the Act. It was not for the Board to say whether he was motivated by sincere religious principles in becoming a minister, or whether his convictions were deep, but merely, as the Act provides, whether he was a 'regular or duly ordained minister of religion' as therein defined. The Court therefore held that the local Board's decision was without basis in fact, there being no evidence 'incompatible with the registrant's proof of exemption' to rebut his prima facie case."

The Court of Appeals, 9th Circuit, in Parrott, et al. v. United States, 370 F.2d 388 at 396, quotes from the opinion of District Judge Christie in United States v. Majher, D.C., 250 F.Supp. 106 at 109, as follows:

"Our judicial review of these administrative proceedings leading to defendant's classification is very limited. Blalock v. United States, 247 F.2d 615 (4th Cir. 1957). The range of review is the narrowest known to the law. Campbell v. United States, 221 F.2d 454 (4th Cir. 1955). The only issues before the Court in this type of case

are whether there is shown a denial of basic procedural fairness or whether the conclusion of the board is unsupported by any basis in fact." Citing cases.

■ It appears to the court that the same rule should be applied in the instant matter. The Navy Department had jurisdiction to process and rule on the request for discharge of petitioner, as filed September 18, 1965, and revived for reconsideration by petitioner on February 2, 1966, and January 24, 1967. It appears from the record in this case that *there is a basis in fact for the classification given the petitioner* and that there was not a denial of basic procedural fairness. It is not for the court to weigh the evidence to determine whether the action of the Navy Department was justified. Its decision, as in the case of a Selective Service board, when made in conformity with the regulations is final even though erroneous. Estep v. United States, supra.

The recent case of Brown v. McNamara, 263 F.Supp. 686 (D.C.N.J., 1967), involves the question of the right of the petitioner, who was an Army enlistee, to be classified as a conscientious objector. District Judge Lane held that the court had no jurisdiction to review the ruling of the Adjutant General on petitioner's request for discharge as a conscientious objector pursuant to Department of Defense (DOD) Directive 1300.6 and Army Regulation (AR) 635–20. These regulations are the same as the Navy Regulations involved in the case at bar.

■ This court is in agreement with the decision of Judge Lane in the Brown case, supra. However, since the petitioner in the instant matter was a reservist at the time he applied for discharge and the application for discharge was made before he was ordered to active duty, the court, out of an abundance of precaution, has assumed jurisdiction for the limited purpose noted herein.

Petitioner, at the hearing of the Order to Show Cause, testified that there was a turning point in his thinking on January 8, 1967, as a result of the sermon he heard in church on that day. It appears to the court that what occurred on January 8, 1967, was the determination on the part of the petitioner to implement his beliefs by action, to wit, refusal to continue on noncombatant service status. There is no indication of change in his beliefs since September 18, 1965.

■ The court concludes that the administrative discharge sought by petitioner is discretionary with the Secretary of the Navy acting through the Chief of Naval Personnel, based on judgment of the facts and circumstances surrounding the case. Petitioner had no vested right to discharge [Article C–5210 (1)]. The request for discharge by petitioner was processed and disposed without denial of any basic procedural fairness and the conclusions and actions of the Chief of Naval Personnel had a supporting basis in fact. The Commanding Officer of petitioner and other Naval personnel, in acting on the application of petitioner for discharge and his requests for further or reconsideration thereof, were entitled to reasonable discretion in their implementation of the regulations and no abuse of discretion has been established. Surely the Navy Department should not be put to the fully detailed process, as a new request, of every letter a petitioner files urging error in the decision of the Chief of Naval Personnel, as to a prior request for discharge.

Having in mind the entire record in the case, the court further concludes that, for the reasons set forth above, the petition for Writ of Habeas Corpus should be and is hereby denied.

This memorandum opinion shall serve as Findings of Fact and Conclusions of Law to the extent required by Rule 52 (a) of the Federal Rules of Civil Procedure.