**Scott F. BENSON, Plaintiff,**

v.

**Bruce K. HOLLOWAY, individually and as Commanding General of the Strategic Air Command, and as Discharge Authority at Offutt Air Force Base, Nebraska, and Dr. Robert C. Seamans, Jr., individually and as Secretary of the United States Air Force, Defendants.**

**Civ. No. 03488.**

United States District Court,
D. Nebraska.

April 14, 1970.

William Monahan, Omaha, Neb., for plaintiff.

William Schaphorst, Asst. U. S. Atty., for defendants.

MEMORANDUM AND ORDER

RICHARD E. ROBINSON, Chief Judge.

This matter comes before the Court pursuant to plaintiff's complaint, jurisdiction being based upon Section 10 of the Administrative Procedure Act [5 U. S.C.A. §§ 702, 703] and the provisions of the Declaratory Judgment Act [28 U.S.C.A. §§ 2201, 2202]. Hearing was had on plaintiff's motion for a preliminary injunction, included in plaintiff's complaint, and a motion to dismiss or alternatively for summary judgment filed by the defendants.

It is plaintiff's contention that the action of a Board of Officers acting under the provisions of Air Force Manual Section 3912, in determining that he should be discharged from the Air Force, was improper and invalid. As of this date there has also arisen the question of whether or not plaintiff has actually been discharged or still remains a member of the Air Force. Because, as contained in this Memorandum, this Court determines that the preliminary injunction restraining the Air Force from discharging the plaintiff should not issue and that defendants' summary judgment should be sustained, that question need not be decided.

This Court has not been cited to any precedent, nor has independent research revealed any, in which a federal court has chosen to rule upon the validity or propriety of a military discharge under a factual situation as here presented when the plaintiff has failed, prior to filing his complaint, to exhaust his administrative procedures, namely, and at the least, resort to the Board of Correction of Records for the Air Force. That is the plaintiff's situation here. Craycroft v. Ferrall, 408 F.2d 587 [9th Cir. 1969]; Nelson v. Miller, 373 F.2d 474 [3rd Cir.], cert. den'd, 387 U.S. 924, 87 S.Ct. 2042, 18 L.Ed.2d 980 [1967]; McCurdy v. Zuckert, 359 F.2d 491 [5th Cir.], cert. den'd, 385 U.S. 903, 87 S.Ct. 212, 17 L.Ed.2d 133 [1966]; Sohm v. Fowler, 124 U.S.App.D.C. 382, 365 F.2d 915 [1965]; Schwartz v. Covington, 341 F.2d 537 [9th Cir. 1965]; Ogden v. Zuckert, 111 U.S.App.D.C. 398, 298 F.2d 312 [1961]. Because it is within the Court's discretion and for the reasons stated in the above precedent this Court chooses, at this juncture, not to rule on the validity or propriety of the Board of Officers' decision.

There are however certain other questions to be resolved. The first question is whether or not the Court should retain jurisdiction and await the final administrative action or now dismiss the complaint as premature. Secondly, there is the question of whether or not the Court should restrain the defendants from discharging plaintiff, or reinstate plaintiff as a member of the military should it decide that he has already been discharged, pending the final administrative processes.

Regarding the question of whether defendants should be restrained from discharging plaintiff, or alternatively, if warranted, directing his reinstatement, the factors related in Schwartz v. Covington, supra, utilized to determine the appropriateness of a stay order, have generally been followed. They are as follows:

"[1] likelihood that the subject person would prevail on the merits of an appeal from the administrative process to the court;

[2] irreparable damage to the subject person if a stay is not ordered;

[3] no irreparable damage to the other parties or the public from a stay order." Craycroft v. Ferrall, supra, 408 F.2d at 598.

Under the facts here presented, as measured by these criteria, there is no apparent reason why plaintiff should be retained in the military service pending final administrative action. As in the *Nelson* and *McCurdy* cases the discharge here in question is under honorable conditions and any stigma attaching to plaintiff being processed for an undesirable discharge is absent. See also Craycroft v. Ferrall, supra. With the possible exception of any interim hardship plaintiff could possibly incur, the subsequent administrative procedure can retroactively reinstate and restore plaintiff's previous military status, pay and benefits. See McCurdy v. Zuckert, supra, 359 F.2d at 494. With regard to any interim hardship incurred by plaintiff, the Court would note, and as stated in *Craycroft*, federal courts should apply greatest restraint when considering interim relief which may effect the military's authority over those in its service. While our situation is not completely analogous to *Craycroft* the principle is the same. The problems of morale, as well as other problems that may arise by having a now known homosexual present in the military, which may confront the Air Force are sufficient to restrain this Court from in any way interfering with the military authority at this juncture. Furthermore, the Court has been led to believe that plaintiff's main concern is the stigma attached to the interim classification which Courts have already held inconsequential and not because of any desire to remain in military service.

Regarding the need to estimate the likelihood of plaintiff's success on the merits, because of the incurred harm, if any, occurring to plaintiff, the Court has determined that that criteria need not be considered. See Nelson v. Miller, supra. Any hardship during the interim because plaintiff is removed from military service has not been demonstrated to be irreparable.

Because the Court has determined that no temporary relief is necessary pending further administrative procedures and because it has chosen not to pass on the merits at this time, no purpose would be served by retaining jurisdiction. As in the *McCurdy* case the defendants' motion, here for summary judgment, should be sustained without prejudice to allow plaintiff to again file a complaint after exhaustion of the final administrative remedy. The temporary restraining order is dissolved thereby rendering the previous discharge order effective. Accordingly,

It is ordered that the request for a preliminary injunction should be and is hereby overruled.

It is further ordered that the motion of the defendants for summary judgment should be and is hereby sustained; plaintiff's complaint to stand dismissed without prejudice to again file after exhaustion of the final administrative remedy.

It is further ordered that the temporary restraining order previously issued should be and is hereby dissolved.