**UNITED STATES of America,**

v.

**AMREP CORPORATION et al., Defendants.**

**No. 75 Cr. 1023 (CMM).**

United States District Court, S. D. New York.

Jan. 15, 1976.

Thomas J. Cahill, U. S. Atty., S. D. N. Y., New York City, for the United States; Naomi Reice Buchwald, Asst. U. S. Atty., New York City, of counsel.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendant Amrep Corp.; Morton M. Maneker, New York City, of counsel.

METZNER, District Judge.

Amrep Corporation (Amrep), a defendant in this criminal proceeding, moves for a stay of all proceedings presently pending against it before the Federal Trade Commission (the Commission).

The indictment names seven individual and three corporate defendants and charges, in essence, a conspiracy to defraud purchasers of lots in Rio Rancho Estates in an amount exceeding $200,-000,000. It consists of 42 pages alleging 70 violations of the mail fraud statute (18 U.S.C. § 1341), and ten counts of violation of the Interstate Land Sales Full Disclosure Act (15 U.S.C. § 1703).

Amrep is also the subject of a complaint filed by the Commission based on the same and similar acts. The Commission commenced its investigation in April 1973. In March 1975 it issued a complaint against Amrep seeking extensive relief in the form of a detailed cease and desist order and contemplating massive restitution to allegedly defrauded purchasers.

In March 1974 the United States Attorney instituted a grand jury investigation and the instant indictment was filed on October 28, 1975, to which all the defendants pleaded not guilty on November 10, 1975.

Between the issuance of the Commission's complaint and the filing of the indictment, the Commission had been proceeding with discovery of Amrep. On October 30, two days after the filing of the indictment, a conference was held with the administrative law judge for the purpose of setting a trial schedule of the Commission's complaint. Although the administrative law judge was informed of the filing of the indictment, he proceeded to schedule, by order dated October 31, the following pretrial and trial proceedings: (1) By November 28, Amrep was to have supplied the Commission with additional document production in order to fully comply with a government subpoena duces tecum. (2) The Commission's case-in-chief was to begin February 17, 1976. (It was adduced at the hearing of October 30 that the Commission's case would last at least some thirteen weeks, taking place in seven different cities.) (3) Amrep's defense was to commence six weeks after the close of the case-in-chief.

On November 18, 1975, eight days after the defendants had pleaded to the indictment, this court held a pretrial conference. It was not advised at the time of the pendency of the Commission's proceedings. The court announced that it was ready to proceed with the trial of this case as soon as it finished a six-weeks SEC criminal fraud case in the middle of March of this year. At the conference the conclusion was reached, both from the remarks of counsel for the government and the six counsel representing various defendants, that the pretrial motions could not be finally submitted to the court until March 15. A great deal of discovery was going to be involved since many thousands of documents had been brought before the

grand jury which had considered the matter for 18 months. It also became apparent that the case would take three to four months to try. Allowing sufficient time for the disposition of the motions, which the government opined would be complicated, and whatever discovery would be permitted, it was obvious that the trial could not commence much before the middle of May. Such a schedule would require the court to inform prospective jurors that they could not expect a vacation during the summer of 1976 since they would be engaged in this trial during the months of July and August. The time necessary to empanel twelve jurors and six alternates would have been inordinately long under the circumstances. As a result, the court set the case down for trial on October 5, 1976. At the same time, it fixed January 23 as the date for filing all motions by the defendants and acceded to the government's request that it have until March 15 to answer the motions.

Amrep had been represented by its general counsel in the Commission proceedings. However, when he was named as a defendant in the indictment, Amrep retained new counsel in those proceedings, which was the same firm of attorneys which it had chosen to represent it against the charges in the indictment. Counsel then requested a one-month extension of the schedule previously set for the Commission proceedings.

By order of December 2, 1975, the administrative law judge amended the order of October 31 by ruling, *inter alia*, that the additional production required of Amrep now would commence on January 9, 1976, that 864 requests to Amrep for admissions served on November 12, 1975 would be answered by January 16, 1976, and that the government's case-in-chief would commence on March 29, 1976. The order also provided that Amrep could move to stay all Commission proceedings by December 19, 1975, in view of its representations of conflict between those proceedings and the trial schedule in the criminal action.

Amrep made the motion for a stay on December 19, claiming that its principal officers through whom it would appear in the Commission's proceedings would be tied up in preparing their defense to the criminal charges. Amrep also requested an immediate stay of the production scheduled for January 9. The administrative law judge responded on December 29 by directing that the discovery schedule would be adhered to and that either on January 9, or shortly thereafter, he would pass upon the application for a stay. Amrep decided at that time to seek relief from the Commission's order by this motion.

■ At the outset, the Commission argues that this court lacks jurisdiction to interfere with its proceedings. I think it is perfectly clear that the court does have jurisdiction to prevent interference with the trial of the pending indictment or with the preparation by defendants for such trial. *United States v. Simon*, 373 F.2d 649 (2d Cir.), *vacated on other grounds*, 389 U.S. 425, 88 S.Ct. 577, 19 L.Ed.2d 653 (1967); *United States v. Birrell*, 276 F.Supp. 798 (S.D.N.Y.1967).

■ I also hold that Amrep has exhausted its administrative remedies. The full Commission on a previous application had denied a stay of the proceedings, knowing of the criminal investigation then in progress, and it would appear to be a futile gesture to compel Amrep to go through the same application a second time. *Sohm v. Fowler*, 124 U.S.App.D.C. 382, 365 F.2d 915 (1966); *cf. Bannercraft Clothing Co. v. Renegotiation Board*, 151 U.S.App.D.C. 174, 466 F.2d 345 (1972). Secondly, the administrative law judge had directed that Amrep proceed with its production of documents on January 9, and that sometime, either on that day or later on, he would make his ruling as to staying the proceedings. It was to prevent the commencement of the discovery proceedings that the application for a stay to the administrative law judge was initiated. Since he indicated he would not rule

at least until production of documents had commenced, Amrep should not be prevented from obtaining a ruling on the fundamental question before it was called upon to comply with the order of the administrative law judge.

█ Consequently, the issue to be decided here is whether Amrep has made sufficient showing that the schedule of the proceedings before the Commission will interfere with the trial of the indictment or the preparation of its defenses. The burden on the issue rests upon Amrep.

Since Amrep is a corporation, its defenses will be presented through its principal officers, directors and general counsel, all of whom are named as defendants in the indictment.

On the oral argument, Amrep spelled out three reasons why its application should be granted. First, it argued that a fair trial of the criminal charges could not be had if, during the entire period, the corporation and its officers are forced to be involved in the Commission proceedings. Second, it argued that a fair trial cannot be afforded Amrep because the Commission proceedings will in effect afford the government pretrial discovery to which it is not entitled by the rules of criminal procedure and for which Amrep does not have reciprocal rights. Third, it contended that the Commission proceedings will not be jeopardized by an adjournment until after the completion of the criminal trial.

As stated above, the defendants must file all pretrial motions in the criminal proceeding within ten days from now. Counsel have been working on those motions for nearly two months and I cannot conceive that all of the individual defendants are going to be so tied up in the next two weeks that they cannot comply with the directives in the Commission proceedings during that period, especially in view of the adjournments of the existing dates which will have to be granted because of the temporary stay ordered by this court. After the defendants' motions are filed, there will be seven weeks in which day-to-day work will

not be necessary awaiting the government's answers, and several weeks thereafter awaiting decision on those motions and such discovery as the court may permit. Thus, there is no substantial conflict through the first month of the projected trial schedule of the government's case-in-chief before the administrative law judge.

While a large number of witnesses have been designated to be called by the government in the Commission proceeding, the aid of all of the individual defendants will not be necessary to prepare the cross examination of such witnesses.

█ Consequently, I see no reason to interfere with the schedule set up by the administrative law judge through the completion of the government's case-in-chief, assuming that it ends on schedule or shortly thereafter. What does concern me, however, is the involvement of the individual defendants in the preparation and presentation of Amrep's defense in the Commission proceedings during the months of August, September and October, as the criminal trial is scheduled to start on October 5. Those will be the months when Amrep will require them to be intimately involved with counsel in the preparation of its defense of the criminal charges.

Therefore, I direct that the Commission proceedings may continue with the presentation of the government's case-in-chief through July 30, 1976. All proceedings thereafter are stayed until one month after the entry of the jury's verdict in the criminal trial.

The Commission's investigation started in April 1973, but nothing appears to have been done for nine months prior to the filing of the complaint in March 1975. This order will result in a delay of several months in the completion of the Commission proceedings, but that does not seem to be prejudicial in view of the time that the matter has taken to date. The Commission, if it is of the opinion that it would be prejudiced by an adjournment, can apply for a preliminary injunction against Amrep to cease what-

ever practices the Commission seeks to enjoin in the proceedings.

The adjournment also avoids, in the main, the divulging of Amrep's position in the criminal case through indirect pretrial discovery by the government. While this results from the order, I add that it is not a basis for the ruling on this motion. *But see Silver v. McCamey*, 95 U.S.App.D.C. 318, 221 F.2d 873 (1955).

So ordered.