**Leonard P. MATLOVICH, Plaintiff,**

v.

**SECRETARY OF the AIR FORCE et al., Defendants.**

**Civ. A. No. 75–1750.**

United States District Court, District of Columbia.

Feb. 2, 1976.

David F. Addelstone, Susan H. Hewman, Barton F. Stichman, Washington, D. C., for plaintiff.

Royce C. Lamberth, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

GESELL, District Judge.

Plaintiff was honorably discharged from the Air Force following formal administrative hearings because he was found unfit by reason of his having voluntarily acknowledged that he is a practicing homosexual. He seeks reinstatement and back pay, contending that the Air Force regulation barring homosexuals except in exceptional situations is unconstitutional and, alternatively, contending that denial of an exception in his case, given his admittedly outstanding meritorious service, was arbitrary. The initial complaint was filed on October 21, 1975, and came promptly before the Court on plaintiff's application for a temporary restraining order to prevent the discharge. Defendants then contended that plaintiff

had failed to exhaust administrative remedies and that all proceedings should be stayed pending application for correction of plaintiff's military record to the Air Force Board for Correction of Military Records (AFBCMR), a remedy available under the provisions of 10 U.S.C. § 1552. While the Court denied the application for the temporary restraining order on October 22, 1975, the Court noted it would not accept this exhaustion contention since it appeared that an application to correct plaintiff's military record would require approximately a two-year delay and would appear to be futile. A schedule for further proceedings was arranged. Defendants undertook to file a motion for summary judgment by January 28, 1976, to be supported by material developing the origin, modifications, and implementation of the long-standing Air Force antihomosexual regulation. Plaintiff in turn commenced extensive discovery and apparently contemplated a cross-motion based on the administrative record, which has been filed with the Court, supplemented by the materials to be obtained by discovery.

Following the decision on the temporary restraining order, plaintiff, on October 24, made application to the AFBCMR stating, among other things:

> Even though Judge Gesell ruled that application to the AFBCMR was unnecessary, I am doing so, as the government will surely raise the issue on appeal.

> I realize that you are approximately 1500 cases behind, but I would appreciate an estimate when we could expect a possible decision.

This action was disclosed to the Court in an amended complaint filed October 28.

On January 22, 1976, counsel appeared in chambers and the Court was advised that since an application to AFBCMR had been filed defendants had decided it should be processed with maximum immediate dispatch. Indeed the Board indicated it was prepared to act before January 28, 1976, if plaintiff could supplement the administrative record in time. Defendants then suggested it would be desirable to postpone

court proceedings pending processing of the application to a prompt final conclusion before the Board. Plaintiff strenuously objected. The Court directed that the issues be presented in formal fashion and on January 26 defendants moved to dismiss or, in the alternative, to stay proceedings. This motion, supported by documents and points and authorities, and the opposition thereto, were promptly heard on February 2.

Plaintiff has advised the Board that he desires to supplement the record on review with extensive data being sought from the Air Force and that a hearing is desired. From the papers and representations of counsel it appears that the AFBCMR contemplates acting within 30 days after plaintiff submits materials in support of the application if the matter is to be resolved without hearing, or 60 days after such submission if a hearing is ordered. It further appears that the Board has been advised in a legal opinion of the Staff Judge Advocate General that in considering the application the Board may, at least inferentially, among other things, resolve the underlying constitutional questions if it determines that the regulation is unnecessarily vague or indefinite by reason of the absence of standards.

In view of these changed circumstances, the Court must obviously re-examine the determination it made when the case first came before it. The facts have totally changed. Plaintiff has actually invoked the administrative proceedings before the Board which he previously resisted and the Secretary has undertaken that the Board will act promptly and decisively on the issues. Indeed, the new Secretary of the Air Force who must approve or disapprove the Board's recommendation has agreed to become immediately involved in the ultimate determination as soon as the Board acts.

Counsel for defendants represents that AFBCMR will proceed promptly and independently to resolve the plaintiff's appeal. This representation is open to serious question. The Board has already taken a series of contradictory and disingenuous positions in this matter. Its departure from its customary schedule on the eve of scheduled court proceedings suggests objectives which are more strategic than substantive. Moreover, the Board's competence to deal with constitutional issues and its ability to use its auspices to assemble an adequate record appear uncertain. While the Court recognizes the desirability of the administrative solution in this case, it cannot permit more than a short delay. Sgt. Matlovich is entitled to have his claims resolved, particularly since defendant has forced his separation from the service before all administrative reviews of his situation have been completed.

Since the Board's jurisdiction has been invoked by plaintiff and it appears that both the constitutional and factual issues will be promptly resolved, a wholly different situation is presented. It now appears to the Court that these new developments leave only two alternatives: either dismissal at this stage without prejudice or entry of a stay pending completion of the administrative proceedings. Under all the circumstances it seems appropriate in the exercise of this Court's discretion to stay this case and allow the administrative proceedings to take their course. This would have been the appropriate course if the Court had been advised at the time of the temporary restraining order hearing that plaintiff intended to pursue further proceedings before the Board and that such proceedings could be promptly terminated. See Hayes v. Secretary of Defense, 169 U.S.App.D.C. 209, 515 F.2d 668 (1975); Horn v. Schlesinger, 514 F.2d 549 (8th Cir. 1975); Bard v. Seamans, 507 F.2d 765 (10th Cir. 1974); Champagne v. Schlesinger, 506 F.2d 979 (7th Cir. 1974); Hodges v. Callaway, 5 Cir., 499 F.2d 417, rehearing denied, 503 F.2d 567 (5th Cir. 1974); Sohm v. Fowler, 124 U.S. App.D.C. 382, 365 F.2d 915 (1966).

There must be some time restrictions imposed. The principal obstacle to a prompt resolution by the Board is the time that may be required to assemble data which plaintiff considers essential to a constitutional determination. The Court has, with consent of the parties, outlined data plain-

tiff seeks by interrogatories already filed which can reasonably be provided in order to expedite completion of the record before the Board. In addition, the stay order will provide that all proceedings before the Board and the Secretary shall be completed within 90 days. This comports with reasonable time factors as indicated at oral argument.

This action will be stayed accordingly. SO ORDERED.