**Joseph J. TURNER, Plaintiff,**

v.

**Howard H. CALLAWAY, Secretary of the Army, Defendant.**

**Civ. A. No. 761–73.**

United States District Court, District of Columbia.

Feb. 22, 1974.

Chaplain Corps. In 1971, while serving a tour of duty in Viet Nam, he observed what he believed to be maltreatment of enlisted men by his commanding officer, Major Kenneth R. Andexler. Plaintiff reported the alleged maltreatment to the Office of the Inspector General.

Upon his return to the United States, plaintiff learned that Major Andexler had given him a negative Officer Efficiency Report which plaintiff asserts was rendered in retaliation for his complaint to the Inspector General. Plaintiff appealed to Major Andexler. Receiving no satisfaction, he then addressed a complaint for redress of grievances pursuant to 10 U.S.C. § 938, Article 138, U.C.M.J., to the officer exercising general court-martial jurisdiction over the person of Major Andexler. Plaintiff's complaint was rejected at this level because it did "not lie within the scope of Article 138, U.C.M.J." That decision was reviewed and approved by the Office of the Judge Advocate General of the Army which approved the finding that plaintiff had not been wronged within the meaning of Article 138 as alleged in the complaint and that no substantive evidence could be found to support plaintiff's contentions.

Plaintiff then filed this action against the Secretary of the Army alleging that his Article 138 complaint was improperly rejected, and that he was denied due process of law in connection with the processing of that complaint. He seeks broad declaratory and injunctive relief regarding the implementation and application by the Army of Article 138, U.C. M.J.

David Addlestone, Washington, D. C., for plaintiff.

Michael A. Katz, Asst. U. S. Atty., for defendant.

## MEMORANDUM AND ORDER

CORCORAN, District Judge.

### I. BACKGROUND

Plaintiff, a Roman Catholic priest, is a Captain in the United States Army

Plaintiff has moved for summary judgment. The Secretary of the Army has moved to dismiss or in the alternative to remand for administrative proceedings before the Army Board for Correction of Military Records.

### II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff's own pleadings present a genuine issue of material fact regard-

ing his entitlement to any relief under the provisions of Article 138, U.C.M.J. The precise allegations of plaintiff's Article 138 petition are not clear from the record. The complaint seemingly complains of a wrong which the plaintiff himself suffered, *i. e.*, that his adverse Officer Efficiency Report was the result of retaliation applied to him by Major Andexler. On the other hand, there is language in the complaint which read together with allegations in subsequent pleading serves to confuse the issues. For example, paragraph 26 of the complaint alleges that plaintiff's "pastoral concern for four of his charges wrongly [has] been denied vindication."

More importantly in his Memorandum in Opposition to Defendant's Motion, plaintiff characterizes his claim at page 1, in this language:

> The gravamen of Father Turner's Article 138 complaint was that his former commanding officer, Major Andexler, was not fit to command troops in combat, and had committed gross improprieties which resulted in severe psychiatric consequences to his subordinates, and in unlawful retaliation against plaintiff for pursuing the matter through the Inspector General system.

At page 3 he asserts:

> As defendant concedes, plaintiff has attempted to exhaust both the Inspector General system, and the Article 138 remedy, with respect to his belief that Major Andexler was unfit to command troops. With respect to both of those remedies, plaintiff has not been given so much as an explanation of the factual findings or other considerations upon which he was denied relief.

And again at page 4, he refers to "grave injustices to himself and to his pastoral charges."

■■ It seems clear that plaintiff is not entitled to institute an Article 138 complaint for purposes of challenging Major Andexler's fitness to command troops or asserting "wrongs" suffered by individuals other than himself. Article, 138 U.C.M.J., 10 U.S.C. § 938 provides relief only for a "member of the armed forces who believes *himself* wronged by his commanding officer . . ." (Emphasis added.) The Army regulations promulgated pursuant to Article 138 define "wrong" as a "discretionary action by a commander, . . . which a member of his command believes was unauthorized, unfair, or discriminatory, and which resulted in a detriment *to the member* capable of redress in command channels . . ." (Emphasis added.) AR 27-14, ¶ 2(b) (April 1, 1972). Moreover, the regulations presume administrative regularity and place the burden of persuasion on the complainant to establish that "he was wronged." *Id.* at ¶ 3(a). Thus, the clear language of the statute and the Army regulation promulgated pursuant thereto requires a showing of particularized injury to the complainant himself.

Accordingly until such time as the Article 138 complaint and the action herein are clearly shown to relate to misconduct resulting in direct harm to the plaintiff himself, summary judgment is inappropriate.

## III. DEFENDANT'S MOTION TO DISMISS

### A. Lack of Standing

Defendant, in his Supplemental Memorandum in Support of Motion to Dismiss, asserts that to the extent plaintiff's complaint relates to specific or general allegations of misconduct resulting in harm to others, it should be dismissed for lack of a showing of "injury in fact" to the plaintiff. Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972).

A decision on this ground for dismissal, like that on plaintiff's motion for summary judgment, must be deferred until the substantive character of plaintiff's Article 138 complaint is clarified.

B. Lack of Subject Matter Jurisdiction For Failure to Exhaust Available Administrative Proceedings

Defendant further asserts that plaintiff's action is premature and should be dismissed because he has not exhausted his administrative remedies by making application to the Army Board for Correction of Military Records (ABCMR) for relief.

■ Whether this action should be stayed pending application to and decision by the ABCMR, is discussed in Part IV below. However, even assuming that plaintiff has not exhausted his administrative remedies, dismissal of the complaint is inappropriate in this Circuit. *See* Sohm v. Fowler, 124 U.S.App.D.C. 382, 365 F.2d 915 (1966); Ogden v. Zuckert, 111 U.S.App.D.C. 398, 298 F.2d 312 (1961).

IV. DEFENDANT'S ALTERNATIVE MOTION TO REMAND FOR ADMINISTRATIVE PROCEEDINGS BEFORE THE ARMY BOARD FOR CORRECTION OF MILITARY RECORDS

Defendant's alternative motion also alleges failure to exhaust administrative remedies but seeks remand of the case for administrative proceedings before the ABCMR.

The ABCMR, established pursuant to 10 U.S.C. § 1552 and composed of civilians, is charged with the duty of determining the existence of error or injustice in military records and, if warranted, of making recommendations for the correction of same to the Secretary of the Army. In his affidavit, the Executive Secretary of the ABCMR states that he has "on a number of occasions personally observed the ABCMR give relief to individuals seeking correction of Officer Efficiency Reports (OER)."

In Ogden v. Zuckert, *supra,* the Court of Appeals for this Circuit found that 10 U.S.C. § 1552 was not intended to affect judicial jurisdiction but to relieve Congress of having to pass private legislation aimed at remedying error or injustice in military records. The Court observed:

> The Board furnishes a means by which to seek correction of error or injustice, but neither statute nor regulation requires this means to be pursued as a condition to finality of the Secretary's action. The relief which might ensue after Board consideration, similar to relief previously obtained by private bills [in] Congress, is through a procedure over and above that which guides the administrative . . . part of a different and subsequent procedure. 111 U.S.App.D.C. at 401, 298 F.2d at 315.

■ The opinion also stressed that where an administrative remedy is given, but not required, it is within the discretion of the courts to entertain a suit before the administrative procedure has been totally exhausted. Thus, although *Ogden* raised serious questions as to whether correction of record boards are intended as a step in the finality of an administrative determination it left the weighing of interests to the discretion of the district court.

In Sohm v. Fowler, *supra,* the court sharply limited the discretion afforded lower courts by *Ogden.* That suit was filed to enjoin and declare unlawful an officer's forthcoming retirement. A petition had previously been filed with the Board for Correction of Military Records, which petition was still pending when the civil action was instituted. The District Court, relying on *Ogden,* exercised its discretion by holding that the appellant need not exhaust his pending remedy before the Board. It then denied the motion for a preliminary injunction and granted summary judgment in favor of the defendant. The Court of Appeals, characterizing the lower court's exercise of discretion as "too broad a view of *Ogden,*" 124 U.S.App. D.C. at 384, 365 F.2d at 917, reversed and remanded.

In doing so, the Court said:

> Holding this suit in abeyance until the Board completes its action would

comply with the basic policy of the law that administrative remedies should be exhausted so long as the agency clearly has jurisdiction over the case and so long as resort to the agency is not obviously futile. This policy, although subject to the exercise of discretion, has been applied by numerous courts in the context of Boards for Correction of Military Records, and it has evolved to the point where it can be formulated as a rule that the administrative remedy should be exhausted unless the party invoking the court's jurisdiction can demonstrate special circumstances. 124 U.S.App. D.C. at 384–385, 365 F.2d at 917–918 (Footnotes omitted.)

The Court further detailed several factors relevant here which it deemed important in its decision to remand to the District Court with directions to stay the case pending hearing and decision by the Board. First, requiring exhaustion of all administrative remedies, the Court found, "would vindicate the fundamental doctrine that courts should avoid passing on unnecessary constitutional questions." *Id.* at 385, 365 F.2d at 918. Second, the presence of complicated and somewhat technical issues of fact militated toward completion of the administrative process. In addition, resolution of the issues turned, in large part, on the interpretation and application of military regulations and practice which, the Court found, the Board was better equipped to decide. Moreover, the interest of securing uniformity in interpretation required that the Board be given at least an initial opportunity to construe its own regulations. Finally, agency consideration of the appellant's claims, the Court concluded, might "help to narrow the issues and clarify the remaining questions, thereby assisting the court in its review of the case." *Id.*

Plaintiff vigorously opposes this motion to remand to the ABCMR. Construing the Article 138 complaint or the pleadings herein as requesting solely an upgrading of an adverse Officer Efficiency Report, plaintiff maintains, is inaccurate. However, as discussed above, to the extent plaintiff alleges general misconduct or seeks redress for grievances suffered by individuals other than himself, he has misconstrued the nature and purpose of Article 138. The only instance of direct harm suffered by the plaintiff, which is apparent from the pleadings and which is cognizable under the provisions of Article 138, is the adverse efficiency rating. Read in this light, plaintiff's complaint may be construed as directed solely toward that issue and, as 10 U.S.C. § 1552 and the regulations promulgated pursuant thereto, 32 C.F.R. § 581.3 (1973), provide and the affidavit submitted by defendant emphasizes, the ABCMR is empowered to grant relief to individuals seeking correction of Officer Efficiency Reports.

■ Plaintiff further asserts that "[t]he gravamen of the instant litigation is that Father Turner has been denied the benefit of the procedures which the Congress, in its wisdom, enacted as Article 138" and that "the ABCMR has neither the means nor the authority to vindicate Father Turner's right to have his complaint of wrong investigated in accordance with the terms of the statute." Memorandum In Opposition to Defendant's Motion to Dismiss, at 1. He further argues that the provisions of 10 U.S.C. § 1552 may not be substituted for those of Article 138. An assumption by plaintiff that he is constitutionally entitled to any one form of remedy is unfounded. *See* Reed v. Franke, 297 F.2d 17, 27 (4th Cir. 1961). His right to submit complaints pursuant to Article 138 is not his exclusive avenue of redress but "is in addition to established complaint channels such as that administered by Inspectors General and other administrative appeals . . . ." AR 27–14, ¶ 3(b) (April 1, 1972).

■ Finally, plaintiff misconstrues the legal effect of remanding the case to the ABCMR with this Court retaining jurisdiction. Exhaustion of administrative remedies relates not to the court's ultimate jurisdiction but to the timing of the court's consideration of the issues.

It is a concept similar to that of ripeness which delays, but does not necessarily foreclose, judicial disposition of the issues until after the agency involved has had a full opportunity to dispose of the matter administratively. *See* Ogden v. Zuckert, *supra*; Sohm v. Fowler, *supra*.

Plaintiff also maintains that courts have generally not required active duty personnel to first seek relief from the ABCMR before instituting litigation. In support of this proposition, plaintiff cites three cases, all of which involve the availability of federal courts to servicemen seeking post-induction conscientious objector status. In the first, Parisi v. Davidson, 405 U.S. 34, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972), the serviceman's application to the ABCMR had already been rejected. At issue was whether the district court should defer consideration of the petitioner's habeas corpus petition until final disposition of a pending court martial proceeding. In the second case, Craycroft v. Ferrall, 397 U.S. 335, 90 S.Ct. 1152, 25 L.Ed.2d 351 (1970), the Supreme Court, at the Solicitor General's suggestion, vacated a Ninth Circuit opinion affirming a lower court's dismissal of the complaint for failure to exhaust administrative remedies, *i. e.*, the Board for Correction of Naval Records. The Solicitor General's suggestion was the result of a change in Department of Justice policy concerning conscientious objector discharge procedures. United States Department of Justice Memorandum No. 652 (October 23, 1969); *See* Pitcher v. Laird, 421 F.2d 1272 (5th Cir. 1970); Parisi v. Davidson, *supra* at 38 n. 3 of 405 U.S., 92 S.Ct. 815. Plaintiff finally relies on Pitcher v. Laird, *supra*, wherein the Fifth Circuit likewise recognized the changed governmental policy but, noting that neither party may waive jurisdictional defects, went on to hold that the petitioner had fully complied with the procedure for conscientious objector discharge and had thereby exhausted all his then available administrative remedies.

Thus, the three cases cited by plaintiff, all of which involve the narrow area of post-induction conscientious objector discharge procedure, do little more than acknowledge or endorse a change in Justice Department policy. They do not, as plaintiff asserts, recognize or even discuss the differences between an Article 138 proceeding and an ABCMR proceeding. They clearly do not provide authority for the broad proposition that courts no longer require active duty personnel to first seek relief from the ABCMR before instituting litigation.

Plaintiff finally asserts that the ABCMR, being a "multiplicious remedy," need not be exhausted. Plaintiff deems it "folly" to believe that the defendant, having had prior opportunities to redress plaintiff's grievances, would act differently after receiving a recommendation from the ABCMR. That the available unexhausted remedy would be merely an ineffective formality is not supported by case law. The Secretary of one of the military departments may not overrule the recommendation of the Board of Correction where the findings of that Board are justified by the record on which the findings are made. Ogden v. Zuckert, *supra* (dissent); Weiss v. United States, 408 F.2d 416, 187 Ct.Cl. 1 (1969); Proper v. United States, 154 F.Supp. 317, 139 Ct.Cl. 511 (1957).

After a review of all the facts and circumstances particularly relevant herein and the applicable case law, this Court is of the opinion that jurisdiction should be retained and defendant's motion to remand the case to the Army Board of Correction of Military Records, upon plaintiff's petitioning for relief to said Board, should be granted.

## V.  CONCLUSION

Plaintiff's motion for summary judgment and defendant's motion to dismiss are hereby denied. Defendant's motion to remand for administrative proceedings before the Army Board for Correc-

tion of Military Records (upon plaintiff's petitioning for relief under 10 U.S.C. § 1552) is hereby granted with further proceedings in this action to be held in abeyance pending final exhaustion of administrative remedies.

So ordered.