**Donna L. NICHOLS, et al., Plaintiffs,**

v.

**BOARD OF TRUSTEES OF the ASBESTOS WORKERS LOCAL 24 PENSION PLAN, et al., Defendants.**

**Civ. A. No. 80–0563.**

United States District Court, District of Columbia.

Oct. 30, 1989.

James Klimaki, Washington, D.C., for plaintiffs.

Thomas McErlean, Robert Coulter, Dept. of Justice, Tax Div., Sarah Hall, I.R.S., Washington, D.C., for defendants.

### MEMORANDUM

AUBREY E. ROBINSON, Jr., Chief Judge.

Now ripe for disposition in this matter is Plaintiffs' Motion for Expedited Discovery and Defendants' Counter–Motions for Protective Order. Because the Court remanded the case to the Internal Revenue Service (a co-Defendant) in accordance with the instructions of the Court of Appeals, the Court denies Plaintiffs' Motion as premature, and grants Defendants' Motions for Protective Order.

### I. BACKGROUND

Plaintiff Nichols is a beneficiary of a retirement trust. In 1980, he sued both the Board of Trustees of the Pension Plan ("the Board") and the Internal Revenue Service ("the IRS"), when the Board ap-plied for and the IRS approved an amendment to the plan which retroactively reduced accrued benefits. With respect to the Board, Plaintiff alleged that it had violated its fiduciary duty by denying Plaintiffs the opportunity to participate in the Board's decision to seek the amendment. Specifically, by his complaint, Plaintiff sought access to "materials submitted to the IRS in support of the application for approval of the plan amendment." Plaintiff's Complaint at 4.

Against the IRS, Plaintiff alleged that the agency denied him any opportunity to "participate in and comment upon" the Board's application, in violation of the Administrative Procedure Act ("the APA"). In addition, Plaintiff sought an order requiring the IRS to "release all pertinent documents" which the Board had submitted to the IRS in support of the application.[1]

The action originally came before Judge John Lewis Smith. On cross-motions for summary judgment, Judge Smith denied Plaintiffs' claims and refused to invalidate the retroactive amendment. *See Nichols v. Board of Trustees*, No. 80–0563, slip op. (D.D.C. July 19, 1982). The Court of Appeals reversed. *See Nichols v. Board of Trustees*, 835 F.2d 881 (D.C.Cir.1987). In an opinion primarily addressed to the IRS, the Court of Appeals first held that the IRS had not properly considered the statutory factors enumerated in the Employee Retirement Income Security Act ("ERISA") in considering the Board's application for amendment to the plan. The Court also held that under the APA,[2] the IRS should have allowed some participation by Plaintiffs in its proceedings on the matter. *See id.* at 890–99.

In the end, the Court of Appeals vacated the IRS approval of the amendment, and ordered the agency to "reconsider whether and upon what conditions it will permit public participation in such proceedings.

---

**1.** Two additional beneficiaries with similar claims have since joined with Plaintiff Nichols.

**2.** The APA provides that:
  So far as the orderly conduct of public business permits, an interested person may appear before an agency or its responsible em-ployees for the presentation, adjudication, or determination of an issue, request, or controversy in a proceeding, whether interlocutory, summary, or otherwise or in connection with an agency function.
5 U.S.C. § 555(b) (1982).

We thus remand the case to the District Court with instructions to return it to IRS for further proceedings." *Id.* at 899.

The Court of Appeals limited its discussion of Plaintiffs' claims against the Board to a single footnote. *See id.* at 894 n. 100. It stated there that, contrary to the holding of the District Court, section 404 of ERISA[3] imposed obligations upon fund trustees that paralleled those from the common law of trusts. Thus, the Board's refusal to allow Plaintiffs a role in the disputed decision was to be measured by "the arbitrariness standard applied at common law." *Id.* The Court of Appeals believed that Plaintiffs' claim against the Board "posed a substantial question of breach of fiduciary duty." It nonetheless concluded, somewhat vaguely, that "because our remand ensures that plan beneficiaries will gain a renewed opportunity to participate in the agency's deliberations upon the amendment, further consideration of the claim is not warranted." *Id.*

On May 3, 1988, Judge Smith issued an Order remanding the matter to the IRS "for further proceedings in accordance with the findings expressed in the Court of Appeals opinion of December 11, 1987." Judge Smith added that the Court would retain jurisdiction "pending completion of the Internal Revenue Service determination." Since that time, the action has been reassigned to this Court, which issued an Order requiring the IRS to inform the Court of its final ruling in the matter. On September 11, 1989 the IRS replied that it had begun a new 90 day period to consider the Board's application. According to the IRS, this occurred because Plaintiffs requested an extension, and because both Plaintiffs and the Board made extensive documentary submissions in July and August of this year.

## II. THE PARTIES' CURRENT DISPUTE

Immediately prior to the IRS' most recent report to the Court, Plaintiffs filed a motion for expedited discovery of all documents submitted by the Board and by the Asbestos Contractors Association, Inc., in support of its application. The Board and the IRS opposed the motion, and themselves moved for a protective order. The Board and the IRS have provided Plaintiffs with some documents, but withheld others. The materials at issue are the submissions of individual contributing employers and associations of such employers. Some of these materials were specifically requested by the IRS and relate to the issue of contributors' economic hardship—one of the statutory factors for IRS consideration under the relevant ERISA provision. *See* ERISA § 302(c)(8), 29 U.S.C. § 1082(c)(8) (1982) (incorporating ERISA § 303(b), 29 U.S.C. § 1083(b) (1982)).

The IRS opposes the discovery on the ground that IRS procedures do not require it. In support of its position, the IRS cites the Court of Appeals decision ordering it to fashion procedures for the participation of plan beneficiaries in the application process. As mentioned above, the Court of Appeals held that such beneficiaries were interested persons entitled to limited participatory rights. The Court noted that agencies have "broad discretion in fashioning rules to govern public participation" in agency proceedings. *Nichols,* 835 F.2d at 899.[4] In addition, the Court of Appeals denied that the IRS should necessarily fear the loss of its ability to prevent disclosure of confidential information:

> [T]he agency's authority to shape the manner in which interveners will participate in [ERISA] section 302(c)(8) proceedings provides ample protection against the potential release of confidential materials that troubles IRS.... *Id.* at 897 n. 115.

That fear by the agency arises from 26 U.S.C. section 6103, which, with certain exceptions, specifically prohibits agency dis-

---

3. 29 U.S.C. § 1104 (1982).

4. The Court of Appeals "decline[d] to speculate under what standards the agency might grant or deny petitions for leave to intervene lodged by plan beneficiaries ... upon remand." *Nichols,* 835 F.2d at 899. The Court further stated that participation by interested persons "does not always, or even usually, require trial type proceedings or other formal hearings...." *Id.* at 899 n. 124 (citations omitted).

closure of tax return information. Thus, the IRS contends that it is both responsible for determining Plaintiffs' rights, and bound by federal statute to deny disclosure.

The Board offers a somewhat parallel argument in support of its motion for protective order. It contends that any discovery by Plaintiffs is properly directed at the IRS alone, the primary subject of the Court of Appeals' opinion. The Board argues, in essence, that Plaintiffs' participation in the application procedure can be defined only by IRS procedures. It notes also that it is not entitled to Plaintiffs' submissions to the IRS, and therefore may withhold its submissions from Plaintiffs.

Plaintiffs' response to these arguments is rather straightforward: They are party to an action pending before a federal court. Under Federal Rule of Civil Procedure 26, they are entitled to discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. Rule Civ. Pro. 26(b)(1). According to Plaintiffs, by engaging in the application and approval process, which includes a consideration of an employer's "substantial business hardship," the Board and the IRS have placed the tax return information at issue in the litigation. In addition, Plaintiffs argue that the statutory bar to the release of trust tax return information contains an exception for persons having a material interest in a trust, a category in which Plaintiffs would place themselves.

## III. DISCUSSION

The procedural posture of this case compels denial of Plaintiffs' Motion on a ground which neither Defendant has raised. It is quite clear to the Court that this is not a "discovery" dispute at all. To some extent, Plaintiffs originally brought suit precisely to force Defendants to produce the type of documents at issue. Though Plaintiffs style their motion as one for discovery, in reality, they are asking the Court to decide one of the claims in their complaint. They had that opportunity before Judge Smith, and on appeal. The Court of Appeals saw fit to return the entire matter to the IRS. Procedurally, Plaintiffs' claims are before the IRS.

The doctrine of exhaustion of administrative remedies bars a decision on Plaintiffs' Motion altogether at this time. The doctrine provides that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 463–64, 82 L.Ed. 638 (1938). The exhaustion requirement may arise under a statute specifically, or be implied from an administrative scheme providing avenues of agency relief. *See Linfors v. United States*, 673 F.2d 332 (11th Cir.1982).

In *McKart v. United States*, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), the Supreme Court articulated the policies behind the requirement of exhaustion: (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." *Id.* at 193–95, 89 S.Ct. at 1662–63.

Each of these applies with some force to Plaintiffs' attempt to compel disclosure of the documents here. The matter has been remanded to the IRS to allow that agency to reconsider the proposed plan amendment and to fashion a procedure by which Plaintiffs can participate in the administrative proceeding. The Court retained jurisdiction, certainly. But it did so for the purpose of ensuring that the IRS' ultimate decision comports with the holding of the

Court of Appeals. The parties cannot be permitted to abandon the administrative forum at every conflict to seek interlocutory relief with this Court. Moreover, this is no ordinary conflict. Plaintiffs' request for "discovery" squarely poses a primary aspect of their original claim.

In his Order of Remand, Judge Smith specifically stated that jurisdiction was retained "pending completion of the Internal Revenue Service determination." One case from this Court clearly addresses the consequence of a District Court remand to an administrative agency while the Court retains jurisdiction. In *Turner v. Callaway*, 371 F.Supp. 188 (D.D.C.1974), Judge Corcoran held a plaintiff's suit against the Secretary of the Army in abeyance until an Army administrative Board could act on the complaint. In addressing the plaintiff's objections to that course, the Court made the following observation:

> Finally, plaintiff misconstrues the legal effect of remanding the case to [the Army Board] with this Court retaining jurisdiction. Exhaustion of administrative remedies relates not to the court's ultimate jurisdiction but to the timing of the court's consideration of the issues. It is a concept similar to that of ripeness which delays, but does not necessarily foreclose, judicial disposition of the issues until after the agency involved has had a full opportunity to dispose of the matter administratively.

*Id.* at 192 (citing *Ogden v. Zuckert*, 298 F.2d 312 (D.C.Cir.1961); *Sohm v. Fowler*, 365 F.2d 915 (D.C.Cir.1966)).

The language of the Court of Appeals decision in this case also supports Plaintiffs' relegation to the administrative forum pending a final IRS determination. The Court of Appeals spoke repeatedly of the agency's role in promulgating procedures to accommodate Plaintiffs' interests with the need for orderly administrative processes. It concluded simply that "[t]he agency must therefore reconsider whether and upon what conditions it will permit public participation in such proceedings," and remanded. *Nichols*, 835 F.2d at 899. The Court of Appeals clearly recognized the broad discretion of the IRS in defining the nature of Plaintiffs' participation.

The answer is somewhat less clear with respect to Plaintiffs' claim against the Board for the documents. Nonetheless, the Court of Appeals concluded that a remand would ensure "that plan beneficiaries will gain a renewed opportunity to participate in the agency's deliberations upon the amendment," thus, "further consideration of the claim is not warranted." In this Court's view, this statement indicates that the Court of Appeals meant for IRS procedures to govern what "discovery" Plaintiffs would have incidental to their right to participate in the proceeding. The IRS could promulgate a procedure whereby it would turn over documents itself; it could provide for discovery from the Board. If it denies access to Plaintiffs for some documents, as apparently is the case, and ultimately approves the amendment, Plaintiffs can then return to federal court and argue that the participation afforded them by the agency was less than adequate. In the alternative, Plaintiffs could pursue their claim of breach of fiduciary duty against the Board. Yet the possibility remains that on remand the IRS will decline to approve the amendment proposed by the Board. Thus would Plaintiffs' claims evaporate.

## IV. CONCLUSION

Plaintiffs' "discovery" request is in actuality a request that the Court decide one of the claims in Plaintiffs' complaint. Because the Court of Appeals ordered Plaintiffs' claims remanded to the IRS, their remedy lies, at least presently, within IRS procedures, if at all. Following any final IRS determination adverse to their position, Plaintiffs are entitled to return to federal court to argue the inadequacies of those procedures, and if successful, receive the disputed documents on further remand to the agency. Alternatively, Plaintiffs may pursue their claims against the Board. At present, however, Plaintiffs' request that the Court resolve these issues is premature, and must be denied.

## ORDER

Upon consideration of Plaintiffs' Motion for Expedited Discovery and Defendants' Opposition thereto, Defendants' Motions for Protective Order and Plaintiffs' Opposition thereto, it is by the Court this 30th day of October, 1989,

ORDERED, that Plaintiffs' Motion be and hereby is DENIED; and it is

FURTHER ORDERED, that Defendants' Motions for Protective Order be and hereby are GRANTED.